The Honorable L.L. "Doc" Bryan State Representative 305 South Van Couver Russellville, Arkansas 72801
Dear Representative Bryan:
This is in response to your request for an opinion involving the application of revenue received from the sale of water to the construction of a new water line. You have asked, specifically, whether the water commission may use the revenue for this purpose; and you note that much of the new water line will be on private property.
Authority for the creation of a waterworks commission is found in Ark. Stat. Ann. 19-4219 (Repl. 1980). The commission is created by ordinance, and its powers and duties are set forth in Ark. Stat. Ann. 19-4223 (Repl. 1980), which provides in pertinent part as follows:
 The commissioners hereunder appointed shall have full and complete authority to manage, operate, improve, extend, and maintain the municipal waterworks and distribution system, and shall have full and complete charge of said plant, including the right to employ or remove any and all assistants and employees of whatsoever nature, kind or character, and to fix, regulate and pay their salaries, it being the intention of this act . . .to vest in said commissioners unlimited authority to operate, manage, maintain, improve and extend said municipally owned waterworks and distribution system and to have full and complete charge thereof. . . . (Emphasis added.)
Ark. Stat. Ann. 19-4208 (Repl. 1980) deals with water rates and the disposition of surplus funds. It states in pertinent part as follows:
 If any surplus be accumulated in the operation and maintenance fund of the waterworks system which shall be in excess of the (operating authority's) estimated cost of maintaining and operating the plant during the remainder of the fiscal year then current, and the cost of maintaining and operating said plant during the fiscal year next ensuing, any such excess may be by the operating authority transferred to either the depreciation account or to the bond and interest redemption account, as the operating authority may designate; if any surplus be accumulated in the depreciation account over and above that which the operating authority shall find may be necessary for probable replacements needed during the then fiscal year, and the next ensuing fiscal year, such excess may be transferred to the bond and interest redemption account; if a surplus shall exist in the bond and interest redemption account, the same may be applied by the operating authority, in its discretion, subject to any limitations in the ordinance authorizing the issuance of the bonds, or in the trust indenture, (a) to the payment of bonds that may later be issued for additional betterments and improvements; (b) to the purchase or retirement, insofar as possible, of outstanding unmatured bonds payable from the bond and interest redemption account, at no more than the fair market value thereof; (c) to the payment of any outstanding unmatured bonds payable from the bond and interest redemption account that may be subject to call for redemption before maturity; or (d) to any other municipal purpose. (Emphasis added.)
It is my opinion, based upon these controlling provisions, that revenue collected through water rates may be applied to the construction of a new water line to the extent this revenue constitutes surplus funds which are applied in accordance with 19-4208. It is clear under 19-4208 that the commission has discretion to apply these funds "to any other municipal purpose" only after taking into account the cost of operations and maintenance, allowing for replacement costs and depreciation, and providing for interest redemption. See City of Little Rock v. Cash, 277 Ark. 494, 644 S.W.2d 229 (1982), cert. denied, 462 U.S. 1111
(1983). It should also be noted that 19-4208 requires the surplus be applied first to not only the estimated cost of operations and maintenance during the remainder of the current fiscal year, but also to the estimated "OM" cost for the ensuing fiscal year.
It is my opinion that the phrase "any other municipal purpose" would be deemed to include the construction of a new water line, particularly in light of the broad authority of the commission under 19-4223, supra, to ". . . operate, manage, maintain, improve and extend" the system. The Arkansas Supreme Court has stated, moreover, that the exercise of discretion by city authorities should not be judicially interfered with unless "manifestly unreasonable and oppressive, an unwarranted invasion of private rights, or clearly in excess of power granted." City of Little Rock v. Linn, 245 Ark. 260,432 S.W.2d 455 (1968).
The fact that the line will be located on private property would not appear to be dispositive since the authority of the commission to improve and extend the system includes the discretion to determine whether the construction is necessary and reasonable under the circumstances. Although there is no case law on point, a counterargument might be premised upon Article 12, Section 5 of the Arkansas Constitution which prohibits a county, city, town or other municipal corporation from obtaining or appropriating money for or loaning its credit to any corporation, association, institution or individual. An argument premised upon the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution is also conceivable. Resolution of these arguments would, however, be dependent upon the particular facts involved.
The Attorney General is required under Ark. Stat. Ann. 12-702 (Repl. 1979) to provide his opinion to the General Assembly upon the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. Ark. Stat. Ann. 12-701.1 (Repl. 1979). Therefore, this opinion is not provided for the benefit of third parties and should not be relied upon nor offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.